## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DEWAYNE MASON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-2771 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| NIKE RETAIL SERVICES, INC., | ) | |
| | ) | |
| Defendant / Third Party | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID A. ESHOO | ) | |
| ASSOCIATES, LTD. | ) | |
| | ) | |
| Third Party Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Dewayne Mason ("Plaintiff") brought this suit against Nike Retail Services, Inc., ("Nike"), alleging that Nike's negligence resulted in his injury. Nike brought a third-party complaint against David A. Eshoo Associates, Ltd ("Eshoo"). [40]. Eshoo then filed a motion to dismiss the first count of Nike's third-party complaint. [45]. For the reasons stated below, Eshoo's motion [45] is denied. By agreement of the parties [see 61], fact discovery is extended to May 28, 2021 and a joint status report, including an agreed briefing schedule on any dispositive motions, is due no later than June 30, 2021.

## I.    Background[1]

As alleged in his complaint, Plaintiff worked as a security guard at a Nike retail store. [1-1, at ¶ 1]. Nike was aware of the risk of approaching and pursuing shoplifters, and it therefore had a company policy to not approach, pursue, or otherwise engage shoplifters because of the risk of injury. [*Id.*, at ¶ 6–7]. Plaintiff alleges that he was instructed to intervene only when there was a threat of violence to occupants of the store. [*Id.*, at ¶ 8]. In March 2018, a suspected shoplifter entered the store; Plaintiff remained at his post, but he alleges that Nike's store manager and assistant store manager attempted to apprehend the shoplifter even though they had no security or

---

[1] As a third-party plaintiff, the Court accepts as true all of Nike's well-pleaded factual allegations and draws all reasonable inferences in Nike's favor for the purposes of this order. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Court also relies on Plaintiff's complaint for additional factual background.

law enforcement training that would qualify them to do so. [*Id.*, at ¶¶ 9–10]. The shoplifter attempted to flee and pulled out a knife. [*Id.*, at ¶ 11]. When the shoplifter did so, Plaintiff attempted to protect other occupants of the store and became involved in a physical struggle with the shoplifter. [*Id.*]. The shoplifter attempted to stab Plaintiff in the neck, slicing two of Plaintiff's fingers when he lifted his hand to protect himself and causing serious injuries, including severed tendons in his fingers. [*Id.*, at ¶¶ 11–12, 14]. Plaintiff alleges that by attempting to apprehend the shoplifter, the store manager and assistant store manager negligently created a dangerous confrontation that caused his injuries. [*Id*, at ¶¶ 10, 13].

After Plaintiff filed his complaint in state court, Nike removed it to this Court on diversity jurisdiction grounds. [1]. With leave from the Court [39], Nike filed a third-party complaint [40] against Plaintiff's employer, Eshoo, on October 6, 2020. Relevant to this motion to dismiss, Nike and Eshoo entered into a security services agreement ("agreement"), which requires Eshoo to select and supervise the performance of security guards and to ensure that any security guard who works at a Nike location complies with Nike's safety and security guidelines. [40, at ¶ 8]. The agreement also included an indemnification provision. [*Id.*, at ¶ 13]. Specifically, it provided:

> Each party (the "Indemnitor") will defend, indemnify, and hold harmless the other party, its Affiliates and their respective officers, directors, shareholders, employees and agents (jointly and severally, the "Indemnitees") from and against all claims and Losses asserted directly or indirectly by any third party person arising out of any actual or alleged: (a) fraud, gross negligence or willful misconduct by the Indemnitor or its officers, employees or agents; (b) negligent act or omission of the Indemnitor or its officers, employees or agents * * * whether arising from or in connection with a demand, action, regulatory action, lawsuit, proceeding, judgment, settlement, appeal or other post judgment proceeding and whether asserted in contract, tort, strict liability, or otherwise.

[*Id.* (alteration in original)]. Nike alleges that Plaintiff's injuries were not caused by any acts or omissions of Nike, its employees, servants, agents, or representative. [*Id.*, at ¶ 18]. Instead, Nike alleges that to the extent Plaintiff was injured, any injuries were "proximately caused by Eshoo's or that of its employee [Plaintiff's] negligent acts or omissions or those of its officers, employees, or agents without any active negligence, breach, or lack of care on the part of Nike thereto contributing." [*Id.*, at ¶ 26]. Specifically, Nike alleges that "Eshoo negligently selected, trained, and supervised [Plaintiff] or otherwise failed to exercise reasonable care for the safety and well-being of [Plaintiff]." [*Id.*]. It alleges that "[t]here was no threat of violence on the date of the occurrence, and [Plaintiff's] actions in engaging the suspected shoplifter in a physical altercation was in direct violation of Nike's safety and security guidelines." [*Id.*, at ¶ 43]. Nike explains that, if it is found liable at trial, Eshoo would be liable to Nike for the damages recovered against Nike because Eshoo's or its employees' negligent acts and omissions caused Plaintiff's injuries and damages. [*Id.*, at ¶ 27].

Plaintiff filed his complaint on March 11, 2019. [1-1]. On May 2, 2019, "Nike served on Eshoo a request that Eshoo tender the defense and indemnify and hold Nike harmless for any and all claims arising out of or related to all claims set forth in" Plaintiff's complaint. [40, at ¶ 19]. Eshoo refused, and its insurance provider sent a denial of coverage notice to Nike. [*Id.*, at ¶¶ 20–21]. In July 2019, Nike served written notification on Eshoo informing Eshoo that it was in

material breach of the agreement. [*Id.*, at ¶ 22].

Relevant to this motion to dismiss,[2] Nike brought a count for "Duty to Defend and Indemnify," alleging that Eshoo breached its contract with Nike by refusing to defend and indemnify it. [*Id.*, at ¶¶ 23–27]. Eshoo moved to dismiss this count. [45].

## II.    Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint typically must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S at 555). In determining whether the complaint meets this standard, the Court accepts as true all of Nike's well-pleaded factual allegations and draws all reasonable inferences in its favor. *Killingsworth*, 507 F.3d at 618.

## III.   Analysis

Eshoo argues that it has no contractual duty to defend or indemnify Nike with respect to Plaintiff's lawsuit because its contractual obligation arises only if Nike's liability is based on or is a derivate of Eshoo's negligence. [45, at 2]. And here, Eshoo continues, Plaintiff sues Nike for its own negligence, claiming that his injuries arose from the negligence of Nike's own agents. [*Id.*]. Nike responds that Plaintiff's complaint "is not the only controlling pleading in this matter," and that it satisfactorily alleged that Eshoo breached the agreement "by failing to defend and indemnify Nike against [Plaintiff's] underlying claims." [49, at ¶ 5–6].

To Nike's point, for the purposes of this motion the Court accepts as true all of its well-pleaded facts, *Killingsworth*, 507 F.3d at 618, and therefore assumes that Eshoo or its employees' negligence caused Plaintiff's injuries. Thus—even though it might not have been clear from Plaintiffs' initial complaint—as of the filing of Nike's third-party complaint, Eshoo has been on notice of a claim arising out of its own alleged or actual negligence. And because the agreement requires Eshoo to indemnify and defend Nike "from and against all claims and Losses asserted directly or indirectly by any third party person arising out of any actual or alleged * * * negligent act or omission of" Eshoo or its employees [40, at ¶ 13], Nike states a claim here.

## IV.    Conclusion

For the reasons stated above, Eshoo's motion to dismiss Count I of Nike's complaint [45] is denied.

---

[2] Nike included three other counts in its complaint: breach of contract for failure to procure insurance coverage, contribution, and breach of contract for failure to provide and train competent security guards. [40, at ¶¶ 23–44].

Dated:  May 3, 2021

_____
Robert M. Dow, Jr.
United States District Judge